ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 20 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GUNTHER FIEK, GDC-1094511
TELFAIR STATE PRISON
   Petitioner

V.

FRED BURNETTE, in his official
capacity as WARDEN of TELFAIR
STATE PRISON
   Respondent

CASE NO. 1:07-CV-1443

## APPLICATION FOR A WRIT OF HABEAS CORPUS

Comes now the above named Petitioner, Gunther Fiek, GDC-1094511, currently in custody in Telfair County, 210 Longbridge Road, PO Box 549, Helena, GA 31037 at the Telfair State Prison and files this Habeas Corpus pursuant to Title 28 U.S.C. § 2254.

1.

Petitioner is under sentence from a conviction in the Cobb County Superior Court, State of Georgia, Cobb County Courthouse, 32 Waddell Street, Marietta, Georgia 30090.

2.

Petitioner was convicted on October 11, 2001.

3.

Petitioner was convicted of three counts of aggravated child molestation and 18 counts of child molestation.

4.

Petitioner was sentenced to 30 years to serve in prison on the three aggravated child molestation counts consecutive to each other and 20 years to serve in prison on each of the child molestation counts.

5.

Petitioner pled not guilty.

6.

Petitioner had a jury trial.

7.

Petitioner did testify at trial.

8.

Petitioner did appeal from the judgment of conviction.

9.

Petitioner appealed to the Georgia Court of Appeals and filed certiorari to the Georgia Supreme Court. His conviction was affirmed by the Georgia Court of Appeals on March 24, 2004, and his certiorari was denied by the Georgia Supreme Court on September 7, 2004. See Fiek v. State, 266 Ga.App. 523, 597 S.E.2d 585 (2004).

Grounds raised to the Georgia Supreme Court by certiorari:

Ground I:   The Petitioner's right to confrontation was violated by the admission of "massive amounts of hearsay evidence."

Ground II:  Petitioner's right to confrontation was violated when the trial court would not allow Petitioner from using at trial interview tapes of Petitioner's students whom did not accuse him of any molestation.

Ground III:   Petitioner's right to due process was violated when the state's experts impermissibly bolstered the alleged victims' accustations and vouched for their veracity.

Ground IV:   The convictions were not supported by the weight of evidence.

10.

Petitioner has filed a Petition in state court with respect to this judgment.

11(a).

(1) Mitchell County Superior Court.

(2) Application for a Writ of Habeas Corpus.

(4) Petitioner received an evidentiary hearing on December 12, 2005.

(5) The Application for a Writ of Habeas Corpus was denied.

(6) The date of denial was June 2, 2006.

11(b).

Not applicable.

11(c).

Not applicable.

11(d).

Petitioner filed a Certificate of Probable Cause to the Georgia Supreme Court to appeal the denial of his habeas corpus in the Mitchell County Superior Court. The Supreme Court denied the Certificate of Probable Cause on November 6, 2006.

Grounds raised before the Georgia Supreme Court:

Ground I: Petitioner's right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section I, Paragraph XIV of the Georgia Constitution was violated for failing to seek a change of venue.

Ground II: Petitioner's right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section I, Paragraph XIV of the Georgia Constitution was violated for failing to seek jury sequestration.

Ground III: The habeas court erred in applying the cumulative error doctrine in denying Petitioner's right to effective assistance of counsel.

Ground IV: The habeas court abused its discretion in not considering the cumulative impact of the exclusion of the interviews of numerous children which would have contradicted the alleged victims' assertions.

Ground V: The habeas court abused its discretion in not finding that Petitioner's trial counsel was ineffective for not adequately investigate the facts, evidence, and issues.

11(e).

Not applicable.

11(f).

No.

12.

Petitioner is being unlawfully and in violation of the United States Constitution on the following grounds:

**Ground I:**

Petitioner's right to effective assistance of counsel under the Fifth and Fourteenth Amendments to the United States Constitution was violated when the trial counsel did not properly raise that state used massive amounts of hearsay to convict Petitioner.

**Supporting Facts:**

Videotape statements made by the alleged victims were played at trial. Further, parents of the alleged victims also repeated what they alleged their children had told them.

**Ground II:**

Petitioner's right to effective assistance of counsel and confrontation under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution was violated when counsel did not properly preserve the record with evidence that would have severely impeached the alleged victims.

**Supporting Facts:**

Defendants have a right to a thorough and sifting cross-examination of the witnesses against them and to impeach a witness' credibility. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Confrontation is satisfied if the hearsay statement bears an adequate indicia of reliability. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Crawford abrogated Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which held that reliability is satisfied if the evidence falls under a firmly

rooted hearsay exception or bears a particularized guarantee of trustworthiness. <u>Crawford</u> held that the only indicia of reliability is confrontation.

There were 14 children interviewed regarding this case that stated that Petitioner did not commit any acts of molestation against them. Further, these children clearly stated to law enforcement facts that directly contradicted the material allegations of the alleged victims and the tesimony of the investigating police officers regarding how they "coached" the children to state that Petitioner molested them. Trial counsel attempted to introduce them only for the purpose of showing that Petitioner did not molest every child he taught. See <u>Fiek</u> at 526.

### Ground III:

Petitioner's right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution was violated by state's key witnesses improper bolstering of the alleged victims and vouching for their veracity.

### Supporting Facts:

Detective Mary Finlayson testified that she had never interviewed a child victim that was not able to distinguish between fact and fantasy (T. 2197). She also testified that she had never investigated a case, including Petitioner's, in which a child claimed to have been molested based on the allegations from another child (T. 2198).

Jinger Robins testified that she approved of the interviewing techniques of the investigators, whom she had trained, and the parents of the alleged victims. The most outragous statement of Robins was that she testified that "it is rare with children, even in some of the most research studies that have been conducted where children state false beliefs after one interview, typically kept at 15-20 minutes. (T. 2518). Robbins testified that good parents do not taint the interviews of their children and can not taint the children.

6

Karen Nash bolstered the alleged victims by testifying that boys who are molestation victims initially deny abuse allegations as the children did with Petitioner.

13.

Each ground listed in 12 was previously presented to the Georgia Supreme Court.

14.

There is no petition or appeal now pending in any other court.

15.

A. At preliminary hearing: unknown.

B. At arraignment and plea: Jimmy Berry, 236 Washington Ave., Marietta, GA 30060.

C. At trial: Jimmy Berry, 236 Washington Ave., Marietta, GA 30060.

D. At sentencing: Jimmy Berry, 236 Washington Ave., Marietta, GA 30060.

E. Motion for New Trial: Mitch Durham, 301 Washington Ave., Marietta, GA 30060.

F. Direct Appeal: Mitch Durham, 301 Washington Ave., Marietta, GA 30060 and Jimmy Berry, 236 Washington Ave., Marietta, GA 30060.

G. On Certiorari: Mitch Durham, 301 Washington Ave., Marietta, GA 30060.

H. State Habeas corpus: Eugene Novy, 1348 Ponce de Leon Ave., Atlanta, GA 30306.

I. On appeal from any adverse ruling in a post-conviction proceeding: Eugene Novy, 1348 Ponce de Leon Ave., Atlanta, GA 30306.

16.

Petitioner was sentenced on 21 counts of an indictment.

17.

Petitioner does not have any future sentence to serve after completing the sentence imposed by the judgment under attack.

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he is entitled to in this proceeding by setting aside the Petitioner's conviction and sentence.

/s/ Rodney Zell
Rodney Zell
State Bar No. 784650
Attorney for Petitioner

Zell & Zell, P.C.
729 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 523-4611

## VERIFICATION

I declare under penalty of perjury, as the attorney for the Petitioner GUNTHER FIEK, that the foregoing is true and correct.

Executed on this 20th day of June, 2007.

/s/ Rodney Zell                                  June 20, 2007
Rodney Zell                                      Date
Attorney for Petitioner
State Bar No. 784650

Sworn to and subscribed before me
this 20th day of June, 2007.

/s/ Notary
NOTARY PUBLIC

[Notary Seal: DAVID B. KEITH, COMMISSION EXPIRES JUNE 13, 2009, DEKALB CO., GA, NOTARY PUBLIC]

8